UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS,

                  Plaintiff,

    v.

ROBERT JACKSON, *et al.*,

                  Defendants.

Case No. C26-5177-DGE-MLP

REPORT AND RECOMMENDATION

Plaintiff John Demos, a state prisoner, has submitted to the Court for filing a document which he characterizes as a "Criminal Complaint." (Dkt. # 1.) Plaintiff purports to bring a criminal complaint against employees at the Washington State Penitentiary ("WSP") and against the governor of the State of Washington, claiming that WSP Superintendent Robert Jackson ordered his officers to give Plaintiff "Weeds" to smoke to get high and, when Plaintiff refused to smoke the weed, prison guards "threatened [his] life, health, & safety."[1] (*Id*. at 2.) In an apparently unrelated claim against an unspecified defendant, Plaintiff alleges a violation of his free speech rights and asks to be placed in the witness protection program because his revelations concerning the disappearance of Nancy Guthrie have placed him in imminent danger. (*See id.* at

---

[1] Plaintiff included with his submission a packet of the purported "Weeds." (*See* dkt. # 1 at 7.)

REPORT AND RECOMMENDATION - 1

4.) Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis* ("IFP"). As discussed below, the Court finds this action should be dismissed.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The January 1992 Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *See* MC91-269-CRD, dkt. # 1 at 3. Additionally, because Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Plaintiff may not proceed with this action. First, Plaintiff has not submitted an application to proceed IFP or paid the filing fee. And regardless, Plaintiff has already submitted three IFP applications and proposed actions this year. *See, e.g.*, *Demos v. The Government Accountability Office*, C26-235-RAJ (W.D. Wash.); *Demos v. The Government Accountability Office*, C26-238-

REPORT AND RECOMMENDATION - 2

RSM (W.D. Wash.); *Demos v. The Blackstone Group*, C26-255-JCC (W.D. Wash.). This alone precludes Plaintiff from proceeding with this action.

Second, in addition to already filing three proposed actions this year, Plaintiff's proposed complaint does not contain a plausible allegation that he faced imminent danger of serious physical injury arising out of the primary claim asserted in his pleading. While Plaintiff does include in his submission an allegation of imminent harm (*see* dkt. # 1 at 4), the allegation appears wholly unrelated to his purported criminal complaint. Moreover, Plaintiff's allegation that his life may be in imminent danger because of revelations he has made in relation to the disappearance of Nancy Guthrie strikes the Court as implausible.

Third, Plaintiff has not included with his submission an affidavit attesting that the claims in this case have not been presented in any other action in any court and that he can produce evidence to support his claims. (*See* dkt. # 1.)

Fourth, and finally, Plaintiff, by way of his proposed complaint, seeks to bring criminal charges against three state employees and the governor. However, Plaintiff lacks standing to compel the prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, Plaintiff's proposed complaint is frivolous.

For the foregoing reasons, this Court recommends Plaintiff's proposed complaint (dkt. # 1) and this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

REPORT AND RECOMMENDATION - 3

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 7, 2026.**

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable David G. Estudillo.

Dated this 17th day of March, 2026.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4