UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br> v. <br><br> ROBERT JACKSON, <br><br> Defendant. | CASE NO. 3:26-cv-05177-DGE-MLP <br><br> ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 3) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 4) |

## I    INTRODUCTION

Before the Court are Plaintiff John Robert Demos Jr.'s objections (Dkt. No. 4) to the Report and Recommendation ("R&R") (Dkt. No. 3) of United States Magistrate Judge Michelle L. Peterson, which recommends dismissing Plaintiff's proposed complaint with prejudice. For the reasons that follow, the Court ADOPTS the R&R in full.

## II    BACKGROUND

Plaintiff, a state prisoner, has submitted a proposed "criminal complaint" against several employees at the Washington State Penitentiary ("WSP") and Washington Governor Robert

- 1

Ferguson.  (Dkt. No. 1 at 5.)  Plaintiff alleges that on February 12, 2026, Defendant Jackson, the Superintendent of WSP, ordered his officers to give Plaintiff "'Weeds' to smoke to get high." (*Id.* at 2.)  Plaintiff enclosed a packet of the "weeds" with his filing.  (*Id.* at 2, 7.)  Plaintiff alleges that after he refused to smoke the weeds, prison guards "'threatened [his] life, health, & safety.'"  (*Id.* at 2.)  Plaintiff brings various statutory claims and a Free Speech claim against an unspecified defendant requesting placement in witness protection following his "revelations into the disappearance of Mrs. Nancy Guthrie[.]"  (*Id.* at 2, 4.)  Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis* ("IFP").

Judge Peterson issued her R&R on March 17, 2026, recommending this Court dismiss Plaintiff's complaint with prejudice for several reasons.  First, she points out that because Plaintiff is "well-known locally and nationally as an abusive litigant[,]" he is under bar orders in several courts, including this one.  (Dkt. No. 3 at 2.)  In the Western District of Washington, Plaintiff is permitted to file just three IFP applications and proposed actions each year, and the court will not accept proposed complaints unless they are "'accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims.'"  (*Id.*) (quoting *In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992)).  Further, Plaintiff "may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint."  (*Id.*) (citing *Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999)).

In this matter, Plaintiff (1) has not submitted an application to proceed IFP or pay the filing fee; and (2) has already submitted three IFP applications and proposed complaints this year.  (*Id.*) (citing *Demos v. The Government Accountability Office*, C26-235-RAJ (W.D. Wash.); *Demos v. The Government Accountability Office*, C26-238- RSM (W.D. Wash.); *Demos*

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 3) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 4) - 2

*v. The Blackstone Group*, C26-255-JCC (W.D. Wash.)).  Judge Peterson recommends dismissing on this basis alone.  (Dkt. No. 3 at 3.)

Judge Peterson recommends dismissing Plaintiff's proposed complaint for three additional reasons: First, Plaintiff's complaint does not contain a plausible allegation that he "faced imminent danger of serious physical injury arising out of the primary claim asserted in his pleading" as is required by bar order.  (*Id.*)  Second, Plaintiff did not include the affidavit required by bar order, which requires him to attest that the claims in this case have not been presented in any other action and that he can present evidence in support of his claims.  (*Id.*)  Third, Plaintiff appears to seek to bring a criminal complaint against state employees, but Judge Peterson notes that Plaintiff "lacks standing to compel the prosecution of another."  (*Id.*)

Plaintiff timely filed his objections to the R&R.  He argues only: "John Demos seeks to rebut the 3-17-2026 order of dismissal to the 9th Circuit" because it "calls into question the constitutionality of an act of Congress (28USC2403), namely, the 1st Amendment right to petition the government."  (Dkt. No. 4 at 1.)

### III    DISCUSSION

A district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  Objections to an R&R must be "specific."  Fed. R. Civ. P. 72(b)(2).  "[M]ere incorporat[ion]" of arguments from the underlying motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 3) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 4) - 3

conduct a *de novo* review, *Brandon v. Dep't of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021). "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation." *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

Plaintiff's objections to the R&R are unspecific and unrelated to Judge Peterson's findings or recommendations. Fed. R. Civ. P. 72(b)(2); *see, e.g.*, *Absill v. Kelly*, Case No.: 6:22-cv-00075-JE, 2023 WL 4535139, at *1 (D. Or. July 12, 2023) ("Petitioner's objections are unrelated to the Findings and Recommendation and object to no specific portions."). As such, the Court is required to review only for clear error. 28 U.S.C. § 636(b)(1)(C); *Venson*, 2019 WL 1531271, at *1. Having found none, the Court ADOPTS Judge Peterson's analysis in full.

### IV    CONCLUSION

The Court has reviewed Plaintiff's objections (Dkt. No. 4), Judge Peterson's R&R (Dkt. No. 3) and the underlying record. The Court ADOPTS the R&R in full and ORDERS:

1. Plaintiff's proposed complaint (Dkt. No. 1) and this action are DISMISSED with prejudice; and

2. The Clerk is directed to send copies of this order to Plaintiff and Judge Peterson.

Dated this 26th day of March 2026.



David G. Estudillo
United States District Judge

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 3) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 4) - 4